UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EFRAIN ARAUZ, JR.,

                     Plaintiff,

        -against-

MAIMONIDES MEDICAL CENTER,
CYNTHIA MAGLASANG,
DR. HERMAN TESSLER, DR. BARRY
RAND, DR. MIOARA PIRICSI, LOUISE
VALERIO, CAMILLE SCARCIOTTA,
and DEREK GOINS,

                   Defendants.
------------------------------------------------------------------X

**Report and Recommendation**

00-CV-6671 (SJ)(JMA)

APPEARANCES:

MICHAEL A. GROSS
12 EAST 33RD STREET, SUITE 1100
NEW YORK, NEW YORK 10016

JOSHUA A. STEIN
PROSKAUER ROSE
1585 BROADWAY
NEW YORK, NEW YORK 10036

**AZRACK, United States Magistrate Judge:**

       By order dated November 8, 2000, the above-captioned case was referred to me by the

Honorable Sterling Johnson, Jr., United States District Judge.  Plaintiff moved on November 5, 2004 to

join additional party defendants Mary Cautadella, Sandra Rosen, Jocelyn Dayrit and Hannah Weiss

("proposed defendants").  Based on my review of the parties' submissions and for the reasons stated

herein,  I recommend that plaintiff's Motion to Amend to Add Additional Defendants be granted in part

and be denied in part.   The Court denies plaintiff's Motion to Amend in part based upon the following:

(1) plaintiff cannot assert a Title VII or ADA claim against proposed defendants Cautadella, Rosen, Dayrit and Weiss, because individual liability does not exist under either statute; (2) plaintiff cannot assert any of the alleged state law claims against Rosen, Dayrit and Weiss because (a) the statute of limitations have run on all asserted state law claims, (b) neither Rosen, Dayrit nor Weiss received sufficient notice of the litigation and (c) the state law claims cannot relate back to the Amended Complaint because the proposed defendants were not omitted from the Amended Complaint by Factual or Legal Mistake; (3) plaintiff cannot assert a violation of New York State Human Rights Law ('NYSHRL") or New York City Human Rights Law ("NYCHRL") against Rosen, Dayrit or Weiss; and (4) while Cautadella may be held to be individually liable under NYSHRL and NYCHRL and had sufficient and timely notice of the action, plaintiff did not satisfy Rule 15(c)(2)(b)'s burden of proof for purposes of the state law claims and therefore Cautadella cannot be held liable for any of the state law claims, including the NYSHRL and NYCHRL claims. However, the Court further holds that this Motion to Amend to Add Additional Defendants is granted in part as to plaintiff's § 1981 claim against the proposed defendants. The statute of limitations has not run on the § 1981 claim, and therefore plaintiff is permitted to add all proposed defendants to this suit solely as to plaintiff's § 1981 claims, provided that no additional discovery is necessary.

## I.     FACTUAL BACKGROUND

Plaintiff is a former Hemo-Dialysis Technician ("Hemo-Tech") from the Kronish-3 Pavilion ("K-3") at Maimonides Medical Center ("Defendant MMC"). (Def. Mem. of Law, at 2).[1] Plaintiff

---

[1] Plaintiff was employed as a nursing assistant by Defendant MMC from February 1994 through 1998. Plaintiff then began working as a hemo-dialysis technician in 1998. Complaint, ¶ 9.

experiences post-traumatic stress disorder. (Complaint, ¶ 10). Plaintiff uses prescriptive medication to control the disorder. Id. at. ¶ 11.

Plaintiff alleges that he was unlawfully discriminated against by defendant. In particular, he alleges national origin, gender, and disability discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 et seq., the Americans with Disabilities Act ("ADA"), § 42 U.S.C. § 12101 et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296(1), and then New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code, § 8-107(1); race discrimination under 42 U.S.C. § 1981 ("1981"); and state law claims of gross negligence, prima facie tort, intentional infliction of emotional distress, and false imprisonment. (Def. Mem. of Law, at 2; Complaint, ¶ 21).

Plaintiff's original Complaint names Maimonides Medical Center as a defendant and individual defendants Cynthia Maglasang ("Defendant Maglasang"), Dr. Herman Tessler ("Defendant Tessler"), Dr. Barry Rand ("Defendant Rand"), and Dr. Reisi ("Defendant Piricsi") [sic].[2] Defendant MMC is an "employer" under 42 U.S.C. § 12111(5)(A) and 29 U.S.C. § 2611(4)(A).

## II. PROCEDURAL BACKGROUND

Initially, around September 29, 2000, plaintiff incorrectly filed his initial Complaint in the

---

[2] Cynthia Maglasang was one of plaintiff's primary supervisors in the Hemo-Dialysis Unit. Dr. Barry Rand was a staff psychiatrist at the Hospital's Mental Health Clinic during plaintiff's employment with the hospital. Currently, Dr. Rand is the Associate Director of Residency Training in Psychiatry and the Director of Medical Student Education in Psychiatry. "There is no one at the Hospital named Dr. Reisi. Defendants assume plaintiff meant to identify Dr. Miorara Piricsi, a former resident at the Hospital, who was added as a named-defendant in the Amended Complaint." Def. Mem. of Law, at 2, fn.1.

Southern District of New York. (Def. Mem. of Law, at 2). On November 8, 2000, the case was transferred to Judge Sterling Johnson, Jr., in the Eastern District of New York and subsequently referred to me. The Complaint was then re-filed correctly in the Eastern District of New York and Summons were issued for all originally named defendants.

On or about July 6, 2001, plaintiff filed an Amended Complaint which asserted the same causes of action, with similar allegations, but additional defendants. (Def. Mem. of Law, at 2). On or about August 13, 2001, defendants filed their Answer to the Amended Complaint. Id. at 3. As of July 2001, plaintiff had named eight individual defendants in this cause of action. Id. It has been approximately three and one-half years since defendants filed their Answer to the Amended Complaint and since that time both parties have engaged in extensive and protracted discovery, including production of numerous documents and the deposition of many witnesses. Id. In addition, plaintiff has made several discovery applications to this Court in hopes of expanding the scope of discovery to include electronic discovery, defendant's privileged files, and confidential treatment information about Hospital patients. Id. at 4. Plaintiff has also requested to take the depositions of at least five additional Hospital employees. Id. Plaintiff has only recently withdrawn this request. Id.

During an October 28, 2004 status conference before this Court, plaintiff stated that he was near the end of fact discovery, withdrew the majority of his outstanding requests for reconsideration of prior discovery rulings and informed the Court that they would be filing a new Motion to Amend the Amended Complaint to add a new defendant. Defendants stated on the record at the conference that they would oppose plaintiff's motion. Subsequently, plaintiff served its new Motion to Amend the Amended Complaint on November 8, 2004. This new motion seeks to add four named defendants:

Mary Cautadella, Sandra Rosen, Jocelyn Dayrit and Hannah Weiss.

## III. DISCUSSION

### A. Futility of Motion to Amend

*1. Federal Rules of Civil Procedure 15 and 21*

Plaintiff's Motion to Amend Complaint by Joining Additional Party Defendants is governed generally by Rules 15 and 21 of the Federal Rules of Civil Procedure ("FRCP"). Rule 15 of the FRCP outlines proper procedure and requirements for amendments and supplemental pleadings including the requirements for proper relation-back of amendments. Rule 21 of the FRCP provides in relevant part that "misjoinder of parties is not ground for dismissal of an action." Rule 21 provides that parties may be dropped or added at the discretion of the court or upon motion by any party at any stage in the action if justice would be served by such action.

Rule 21 of the FRCP permits by leave of the court the addition of defendants "at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. Rule 21 is subject to the standards set forth in Rule 15(a)[3] of the FRCP. When an answer has been filed, as two have been in this action, the

---

[3] Rule 15(a) states:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

showing necessary to join parties under Rule 21 is the same as that required under Rule 15(a) once an answer has been filed. See, e.g., Hickey v. City of New York, 01 Civ. 6505, 2004 U.S. Dist. LEXIS 5735, at *5 (S.D.N.Y. Apr. 5, 2004); Randolph-Rand Corp. v. Tidy Handbags, Inc., 96 Civ. 1829, 2001 U.S. Dist. LEXIS 17625, at *7, (S.D.N.Y. Oct. 24, 2001); Eur. Comm. V. RJR Nabisco, Inc., 150 F. Supp. 2d 456, 503-04 (E.D.N.Y.

2001), aff'd, 355 F.3d 123 (2d Cir. 2004). Rule 15(a) provides in relevant part that once a response pleading is served, " a party may amend the party's pleading only by leave of court." Fed. R. Civ. P. 15(a). Although leave to amend shall be granted by the Court freely when justice requires, the Supreme Court in Foman v. Davis, 371 U.S. 178, 182 (1962) has held that futility is a reasonable ground for denial. In addition, the Second Circuit has also held that "where…there is no merit in the proposed amendments, leave to amend should be denied. Health-Chem Corp. v. Baker, 915 F. 2d 805, 810 (2d Cir. 1990); see also Advanced Magnetics v. Bayfront Partners, 106 F. 3d 11, 18 (2d Cir. 1997) ("Leave to amend need not be granted…where the proposed amendment would be 'futile.'" Other valid reasons, under Second Circuit precedent, to deny leave to amend include undue delay, bad faith or prejudice to the nonmoving party. See e.g., Richardson Greenshields Sec., Inc. v. Lau, 825 F. 2d 647, 653 n. 6 (2d Cir. 1987); Hampton Bays Connections, Inc. v. Duffy, 212 F.R.D. 119, 122 (E.D.N.Y. 2003), citing Foman, 371 U.S. at 182. Defendants contest plaintiff's Motion on grounds of futility. Specifically, defendants first basis for futility is that because plaintiff has named the proposed defendants in their individual capacity, plaintiff cannot sue them because there is no individual liability

---

Fed. R. Civ. P. 15(a).

under either Title VII or the ADA. Defendants second basis for futility is that plaintiff's § 1981 and state law claims fail because they are time-barred by the state of limitations. The Court shall address the Title VII and ADA claims first.

### 2. *Individual Liability under the ADA and Title VII*

Under Title VII and the ADA, there is no individual liability. The proposed defendants named in plaintiff's Motion are all named as individuals. Courts in both the Eastern District of New York and the Second Circuit have clearly held that there is no individual liability under Title VII or the ADA. See Mandell v. County of Suffolk, 316 F. 3d 368, 377 (2d Cir. 2003) (no individual liability under Title VII); Tomka v. Seiler Corp., 66 F. 3d 1295, 1314 (2d Cir. 1995)(same); Nicholls v. Brookdale Univ. Med. Ctr., 03 Civ. 6233, 2004 (U.S. Dist. LEXIS 12816, at *34-*35 (E.D.N.Y. July 9, 2004; Gentile v. Town of Huntington, 288 F. Supp. 2d 316, 322 (E.D.N.Y. 2003) (no individual liability under the ADA); Winokur v. Office of Court Administration, 190 F. Supp. 2d 444, 449-50 (E.D.N.Y. 2002). Plaintiff in his Reply Memorandum does not respond to these allegations. Regardless, the case law clearly stands for the proposition that the Proposed Dependants, named in their individual capacity, cannot be held liable under either Title VII or the ADA and thus plaintiff's attempt to do so are rejected by this Court.

### 3. *Plaintiff's State Law Claims and § 1981 Claim*

a.      Individual Liability under New York State and New York City Human Rights Law

While there is no individual liability under either the ADA or Title VII, individuals can be held liable for discriminatory acts under New York State and New York City Human Rights Law. New York State Human Rights Law §§ 296(1) and 296(6). The Second Circuit in Sacay v. The Research

7

Foundation, 44 F. Supp. 2d 496, 503-04 (E.D.N.Y. 1999) held that "[u]nlike Title VII and the ADA, the [New York State Human Rights Law] imposes individual liability for discriminatory acts on individuals who have an ownership interest in the defendant company or have power over personnel decisions." See Sacay v. The Research Foundation, 44 F. Supp. 2d 496, 503-04. In addition, the Sacay Court held that individuals may be held liable for their acts of employment discrimination under the New York City Human Rights Law. Id. The Sacay decision endorsed a liberal pleading requirement for individual liability claims under the NYSHRL and NYCHRL.[4] Thus, if any individual holds decision-making authority over the plaintiff or holds any control over the plaintiff, then that individual may be held liable under NYSHRL and NYCHRL.

Mary Cautadella was the Assistant Vice-President of Maimonides Medical Center's Human Resources Department and handles all labor relations for Defendant MMC. Ms. Cautadella also played a significant role in the ultimate termination of plaintiff from his job at MMC. (Pl. Mem. of Law, at 4). Ms. Cautadella inquired with other employees about plaintiff's work performance, evaluated his

_____

[4] The Sacay Court held:

> Plaintiff has alleged that Morris and Persico were her supervisors and specifies that Persico informed her that she could not return to work absent a meeting. While plaintiff does not specify the individual defendants' role in the alleged discriminatory termination, these allegations are a minimally sufficient basis for individual liability under the NYSHRL and the NYCHRL because it can be inferred that these individuals played a role in the decision. Unlike claims of disability and substantial limitation of a major life activity, the exact role of the individual defendants is not something necessarily known to a plaintiff prior to discovery. Therefore, the claims of individual liability under the state and local laws can survive if the plaintiff can plead the elements of a disability claim.

Sacay v. The Research Foundation, 44 F. Supp. 2d 496, 503-04 (E.D.N.Y. 1999).

performance as below standard, and terminated plaintiff's employment. Id. In addition, Ms.

Cautadella instructed Sandra Rosen to inform plaintiff that he was suspended until November 21, 2000

and then subsequently on February 7, 2001, Ms. Cautadella terminated plaintiff. Id. Based on these

facts, it appears that Ms. Cautadella held significant decision-making authority over the plaintiff and thus

can be held individually liable for her actions under both NYSHRL and NYCHRL.

In the matter of Sandra Rosen, the Court will not answer the question whether Sandra Rosen

can be held individually liable under NYSHRL and NYCHRL. Based on the limited facts presented to

the court, it is unclear whether Sandra Rosen satisfies the "minimally sufficient basis" standard set by the

Sacay Court.[5] The issue of Sandra Rosen's individual liability would be a matter for the jury to decide,

were these defendants to reach trial. However, for purposes of this Motion to Amend, and for the

reasons stated later in Section III(A)(3)(b), Rosen may not be added as a defendant for NYSHRL and

NYCHRL claim purposes because the statute of limitations has run on these claims.

In addition, the Court finds no reasonable or practical basis to hold the remaining proposed

---

[5] Plaintiff states that Sondra Rosen played two primary roles in plaintiff's termination: (1) "Sondra Rosen was defendant's agent who conveyed Mary Cautadella's order to plaintiff that he had no job to return to after his suspension ended on November 21, 2000 and; (2) "Sondra Rosen also was delegated the task of determining whether plaintiff was emotionally fit to continue to work at [MMC], by Assistant Vice President Mary Cautadella, before Ms. Cautadella ordered Sondra Rosen to terminate plaintiff on November 21,2000." Pl. Mem. of Law, at 5. Defendant disagrees with plaintiff's characterization of Rosen's role in plaintiff's termination and argues instead that Rosen was simply a psychiatric social worker at the Hospital who served as a delegate for plaintiff's union, SEIU 1199. Def. Mem. of Law, at 10. Defendant argues that Rosen's involvement with plaintiff and his termination was minimal. Defendant states in his Opposition that "her only involvement with plaintiff came during one meeting and a handful of subsequent conversations with him in November 2000. See Stein Decl. at ¶ 17(c); 20(d); Ex. S; Def. Opp., p. 10.

defendants Jocelyn Dayrit and Hannah Weiss individually liable. Plaintiff did not submit any additional or significant facts which would persuade this Court to hold Dayrit and Weiss individually liable under NYSHRL or NYCHRL. Thus, based on the facts available, the Court holds that neither Dayrit nor Weiss played a significant enough role to be subjected to individual liability under the NYSHRL and NYCHRL.

b.        Statute of Limitations and Relation-Back Theory

The second futility issue is whether plaintiff's § 1981 and State Law Claims, including NYSHRL and NYCHRL claims, against the proposed defendants are proper. The Second Circuit has held that a proposed amendment to add defendants is considered futile and must be denied if (1) the claim it seeks to assert is barred by the statute of limitations and (2) the claim it seeks to assert does not relate back to the date of the earlier timely pleading. See, e.g., Cornwell v. Robinson, 23 F.3d 694 (2d Cir. 1994) (reversing the lower court's decision and concluding that plaintiff's motion to add defendants should have been rejected because the claims asserted were time-barred and did not relate back to the original complaint); Hampton Bays, 212 F.R.D. at 124-26 (denying plaintiff's motion to add individual defendants because the claims asserted were time-barred and did not relate back to the original complaint).

In addition to the Title VII, ADA, NYSHRL and NYCHRL claims, plaintiff's motion to amend seeks to assert a § 1981 claim and multiple state law claims against the proposed defendants. The statute of limitations for the § 1981, NYSHRL, NYCHRL and the additional state law claims are as follows (as laid out in Def. Mem. of Law, at 7-8):

1.  **42 U.S.C. § 1981**: <u>See</u>, <u>e.g.</u>, <u>Jones v. R.R. Donnelly & Sons Co.</u>, 124 S. Ct. 1836, 541 U.S. 369, L.Ed. 2d (2004) (holding that a cause of action is governed by the federal "catch-all" four year statute of limitations if the claim was made possible by a post-1990 enactment and employees' hostile work and wrongful termination were covered by the "catch-all."); <u>see also</u> <u>Nicholls v. Brookdale Univ. Hospital Med. Ctr.</u>, 2004 WL 1533831 (E.D.N.Y. 2004)(stating "Congress enacted a catchall four year statute of limitations arising under federal statutes enacted after December 1, 1990 and quoting <u>Jones v. R.R. Donnelly & Sons Co.</u>, 124 S. Ct. at 1839, Claims under section 1981 "are subject to the 4-year statute of limitations if they arose under an Act of Congress enacted after that date.").

2.  **New York State Human Rights Law (N.Y. Exec. Law. § 296(1)**: <u>See</u>, <u>e.g.</u>, <u>Lightfoot v. Union Carbide Corp.</u>, 110 F. 3d 898, 907, (2d Cir. 1997); <u>Porter v. New York Univ. Sch. of Law</u>, 99 Civ. 4693, 2003 U.S. Dist. LEXIS 14674, at *24 (S.D.N.Y. Aug. 25, 2003) (noting that the statute is governed by a three-year statute of limitations that begins to run from the time the plaintiff first becomes aware of the discriminatory act of which he complaints); N.Y.C.P.L.R. § 214(2).

3.  **New York City Human Rights Law (N.Y.C. Admin. Code, § 8-107(1))**: <u>See</u>, <u>e.g.</u>, <u>Walters v. Bronx-Lebanon Hosp. Ctr.</u>, 01 Civ. 4196, 2004 U.S. Dist. LEXIS 6183, at *23 (S.D.N.Y. Apr. 9, 2004) (a claim under the NYCHRL has a three-year statute of limitations); N.Y.C. Admin. Code § 8-502; <u>Porter</u>, 2003 U.S. Dist. LEXIS at *24 (noting the time the plaintiff first becomes aware of the discriminatory act of which he complain[s]); N.Y.C.P.L.R. § 214(2).

4.  **Prima Facie Tort**: <u>See</u>, <u>e.g.</u>, <u>McCluskey v. Alexander & Alexander</u>, 92 Civ. 2559, 1993 U.S. Dist. LEXIS 3384, at *5-*6, (S.D.N.Y. Mar. 22, 1993)(recognizing that the statute of limitations for a claim of prima facie tort is three years; N.Y.C.P.L.R. §§ 214(4) & (5).

5.  **Gross Negligence**: <u>See</u>, <u>e.g.</u>, <u>Ferer & Sons Ltd. v. Chase Manhattan Bank</u>, 731 F.2d 112, 122 (2d Cir. 1984) (barring a claim for gross negligence because it falls outside of the three-year statute of limitations period); N.Y.C.P.L.R. § 214(4).

6.  **False Imprisonment**: <u>See</u>, <u>e.g.</u>, N.Y.C.P.L.R. § 215(3) (claims of false imprisonment possess a statute of limitations of only one year); <u>Anderson v. Yarp Restaurant, Inc.</u>, 94 Civ. 7543, 1996 U.S. Dist. LEXIS 6898, at *5 (S.D.N.Y. May 21, 1996).

7.  **Intentional Infliction of Emotional Distress**: <u>See</u>, <u>e.g.</u>, N.Y.C.P.L.R. § 215(3)(claims for intentional infliction of emotional distress possess a statute of

limitations of only one year); <u>Sharabura v. Taylor</u>, 03 Civ. No. 1866, 2003 U.S. Dist. LEXIS 16515 (E.D.N.Y. Sept. 16, 2003).

Here, plaintiff is moving to amend his complaint more than four years after filing the original Complaint and nearly three and one-half years after filing the Amended Complaint on July 2, 2001. Additionally, it has been well over three years since plaintiff was terminated from his position at the Hospital, when the alleged causes of action occurred. Plaintiff was formally terminated from his employment as a Hemo-Tech at the Hospital in February 2001. (Def. Mem. of Law, at 8-9; Am. Compl. ¶¶ 12, 31). Further, the Amended Complaint does not indicate any act of wrongdoing on behalf of the defendants after April 17, 2001, and since this time the statute of limitations for all state law causes of action, including the NYSHRL and NYCHRL claims, have clearly passed.[6] (<u>See</u>, <u>e.g.</u>, Am. Comp. ¶¶ 34-37, 41, 61, 64, 70, and 85; <u>see</u> Def. Mem. of Law, at 8-9). Finally, since this Motion to Amend only seeks to add the proposed defendants and does not allege any new claims,

---

[6] Defendant states in his Memorandum of Law:

> While plaintiff was terminated on February 7, 2001, the most recent claim in plaintiff's Amended Complaint alleges that in April 2001, the Hospital exacerbated plaintiff's alleged medical condition by attempting to evict him. While defendants reject that characterization, it must be noted that as of [December 6, 2000], the Hospital has not commenced eviction proceedings, and plaintiff continues to reside in the same Hospital subsidized housing that he occupied while an employee.

> It should be noted that despite plaintiff's allegations in the Amended Complaint that "on approximately March 27, 2001, Defendant MMC terminated plaintiff's health insurance benefits," the Hospital does not administer the benefits given to its employees. (Am. Comp. at ¶ 129). As defendants have repeatedly informed plaintiff during discovery, employee benefits are administered by the SEIU 1199 Benefits Fund, an organization run by plaintiff's former union, 1199. (internal citations omitted).

Def. Mem. of Law, at 9, fn.7.

plaintiff is bound by the original allegations stipulated in the Amended Complaint and the claims in this

instant Motion to Amend "cannot survive unless the applicable statute of limitations reach back to at

least April 17, 2001."  (Def. Mem. of Law, at 9).  However, under the Jones v. R.R. Donnelly holding

the proposed defendants are still subject to the allegations brought under § 1981 as plaintiff's attempt to

add the proposed defendants to the pre-existing § 1981 claim is not time-barred.

c.        Relation-Back: Timely Notice for State Law Claims

With regard to the time-barred state law claims, Rule 15(c) of the Federal Rules of Civil

Procedure states that an amendment to a pleading attempting to add additional parties to a litigation can

relate back to the date of the original pleading thus bypassing the statute of limitations bar.   Rule 15(c)

permits this "relation-back" only when: (1) the claim arises out of the same conduct originally pleaded;

and (2) within 120 days of the original filing date, the parties to be brought in by the amendment: (a)

have received such notice of the institution of the action that the party will not be prejudiced in

maintaining a defense on the merits; and (b) knew or should have known that, but for a mistake

concerning the identity of the proper party, the action would not have been brought against the party.

See, e.g., Fed. R. Civ. P. 15(c)(3); see also Def. Mem. of Law at 10; Cornwell, 23 F. 3d at 705;

Hampton Bays, 212 F.R.D. at 125.

In the matter of proposed defendants Rosen, Dayrit, and Weiss, the Court finds that plaintiff

failed to provide sufficient notice of the suit to any of these persons within the 120 days of the filing of

the Amended Complaint.[7]  First, Sondra Rosen was not a named defendant in the Amended

Complaint, nor mentioned at all in the Amended Complaint.   Rosen did not even learn that plaintiff was

terminated until she viewed her deposition on September 13, 2002.  (Stein Decl. at ¶ 5(a); Ex. C at 65;

Ex. D).  Additionally, plaintiff even concedes that it is possible that Rosen did not fully learn about the

lawsuit until her deposition on October 7, 2002.  (Def. Mem. of Law, at 11).  Since the Amended

Complaint was filed on or about July 2, 2001, Rosen first received notice of the Amended Complaint

well after the 120-day notice period required by Rule 15(c).  However, established case law does hold

that defendants who are to be added to a complaint under Rule15(c) shall be considered to be placed

on notice if they share the same attorney with previously named defendants.  <u>Preslar v. Tan</u>, 2001 WL

1822678, at *2 (W.D.N.Y. Nov. 8, 2001) ("Notice can be imputed to a party through his or her

attorney if the attorney also represents the defendants originally sued."); <u>Florence v. Krasucki</u>, 533 F.

Supp. 1047, 1054 (D.C.N.Y. 1982)(permitting notice under a Rule 15(c) Amendment for the addition

of a party because the new party was represented by the same attorney as the original party); <u>Morris v.

City of New York</u>, 2003 WL 22533399, at *4 (S.D.N.Y. Nov. 7, 2003)(permitting the addition of a

---

[7]  Defendant makes note regarding the application of Rule 15(c) to the facts at hand, that:

> As plaintiff's Motion to Amend does not add any [new] allegations to the Amended
> Complaint, for the purposes of this motion, defendants (without conceding the validity
> of the allegations) do not contest that plaintiff's allegations in the Second Amended
> Complaint would arise out of the same conduct, transactions, and/or occurrences as
> those alleged in the Amended Complaint.

> For purposes of this motion, defendants do not contest that Ms. Cataudella had notice
> of the lawsuit within the applicable 120-day period required by Fed. R. Civ. P. 15(c).

Def. Mem. of Law, at 10 fns.8-9.

party because all the defendants shared the same attorney). Additionally even if a party proposed to be amended in the complaint does not share the same attorney with the originally pled defendants, notice can still be shown if the proposed party was aware of the litigation and interacted with the original defendants and the original defendants' attorney. Colombo v. Suffolk County Dep't of Social Services, 221 F.R.D. 374, 377 (E.D.N.Y. 2004)(internal citation omitted) ("[K]nowledge of the pendency of an action may be imputed to a party to be added as a defendant to that action where there has been some showing that the proposed defendant's attorney knew that the additional defendant would be added.").

In the matter of Rosen, plaintiff states that when she was deposed by plaintiff during the discovery process, Proskauer Rose attorneys Stein and Levin were present during the deposition and questioned Rosen. (Sondra Rosen Dep., Ex. R at 125:18-127-6). However, both defendants and plaintiff concede that Sondra Rosen, was otherwise, represented by her own independent counsel. (See Def. Mem. of Law, at 11 fn. 11; see also Pl. Mem. of Law, at 10). Defendants though contend that Sondra Rosen is subject to the Colombo holding for purposes of relating back under Rule 15(c). Colombo states that "[K]nowledge of the pendency of an action *may* be imputed....where there has been some showing that the *proposed defendant's attorney knew that the additional defendant would be added*." Colombo, 221 F.R.D. at 377 (E.D.N.Y. 2004) (emphasis added). The Court finds that the facts of the Colombo case and the facts of this case are inconsistent with each other. First, Colombo dealt with the abuse of power by a government agency, the police department, and its officials, the individual police officers. Here, we are dealing with a private organization and its employees. In Colombo, plaintiff failed to name two individual police officers as defendants in the original complaint because of a "mistake" pursuant to Rule 15. Id. In Colombo, plaintiff *did* mention

15

these individual police officers by name in the complaint but did not name them as defendants because plaintiff was under the belief that she was not permitted to sue the individuals, only the government agency. Id. Specifically, the Colombo court permitted the addition of these parties at a later time because: (1) plaintiff did name then in the Complaint but not as defendants for the reasons discussed above and; (2) the individual officers were represented by the same attorney who represented the police department and the attorney should have been aware that these individuals were subject to the litigation. Both of these facts provided a sufficient basis of notice of litigation for the individual police officers.

Here, as stated before, Rosen was neither named nor mentioned anywhere in the Amended Complaint. In addition, Rosen was not and is not represented by the same counsel as the defendants and moreover Rosen was represented at the deposition by separate counsel. Also, it is likely that Rosen did not even learn about plaintiff's termination until over a year after the Amended Complaint was filed. Based on these facts, there is no reason that Rosen nor her attorney reasonably should have known that Rosen would be subject to litigation and therefore Rosen was not given timely or sufficient notice of the litigation as required by Rule 15(c).

As for proposed defendants Hannah Weiss and Joyce Dayrit, the Court also finds that plaintiff did not provide sufficient notice. Again here, neither Weiss nor Dayrit were mentioned anywhere in the Amended Complaint, nor did they share the same attorney with the original named defendants. Plaintiff attempts to argue that Weiss and Dayrit were put on notice simply by their alleged actions.[8]

---

[8] Plaintiff states:

The Court finds plaintiff's argument strained and without merit. In addition to which, plaintiff has provided no substantial facts or supporting law to prove otherwise. Therefore, this Court finds that neither Weiss nor Dayrit received sufficient notice of the litigation.[9]

In sum, the Court finds that neither Rosen, Weiss, or Dayrit received sufficient notice of the Amended Complaint as defined by Rule 15(c) of the Federal Rules of Civil Procedure and are therefore not subject to the state law claims asserted by plaintiff. However, the question of whether Mary Cautadella received sufficient notice of the litigation is uncontested by either party therefore the Court finds that Mary Cautadella did receive sufficient notice of the state law claims as per Rule 15(c). However, as stated above, all proposed defendants are still subject to the allegations asserted under plaintiff's pre-existing § 1981 claims.

d.      Factual Mistake

The second prong of Rule 15(c)(2) provides that when requesting leave to amend a pleading to add defendants, plaintiff must also prove factual error or mistake in failing to name the additional

---

Lastly, additional defendants Hanna Weiss and Joyce Dayritt had further notice of this lawsuit, as they were directly instrumental in plaintiff's constructive discharge on November 15, 2000 when they allegedly reported to defendant Louise Valerio that plaintiff was unfit to work at Maimonides Medical Center. They were also certainly periodically advised by their supervisor Louise Valerio regarding this litigation. (internal citations omitted)

Def. Mem. of Law, at 10.

[9]  Defendant states:

The only possible date by which proposed defendants Dayrit and Weiss can be assumed to had knowledge of this litigation is on or about January 31, 2003, after plaintiff sent letters to several Hospital employees in the Hemo-Dialysis Unit with the hopes of soliciting information to support his lawsuit. (internal citation omitted)

Def. Mem. of Law, at 12.

defendants in the original complaint, in addition to timely notice. Fed. R. Civ. P. 15(c)(2)(b). The Second Circuit has consistently held that in order for the relation-back theory to apply under Rule 15(c), a factual mistake must exist as to the name of the party to be joined, or a narrowly circumscribed legal mistake. Soto v. Brooklyn Corr. Facility, 80 F.3d 34, 36 (2d Cir. 1996); Cornwell, 23 F.3d at 705. In Hampton Bays, the Court defined a "mistake" as,

> A "mistake" in identifying a defendant occurs when
> it is the result of "misnomer or misidentification," or
> when a plaintiff omits the individual defendant altogether
> in the erroneous belief that suing [the existing defendant(s)]
> will suffice.

212 F.R.D. at 125, citing, Barrow v. Wethersfeld Police Dep't, 66 F. 3d 466, 469 (2d Cir. 1995); see also Tapia-Ortiz v. Doe, 171 F.3d 150, 152 (2d Cir. 1999)("an amended complaint adding new defendants [cannot] relate back if the newly added defendants were not named originally because the plaintiff did not know their identities"); Vineyard v. County of Nassau, 329 F. Supp. 2d 364, 369 (E.D.N.Y. 2004) (holding that there can be no relation back when plaintiff seeks to correct a lack of knowledge rather than a mistake of fact or law); Hickey v. City of N.Y., 01 Civ. 6506, 2004 U.S. Dist. LEXIS 5753, at *8 (S.D.N.Y. Apr. 5, 2004) (finding that plaintiff's alleged lack of knowledge concerning the identity of individuals he seeks to add as defendants, "does not constitute a 'mistake' for relation back purposes.").

However, plaintiff attempts to argue that he lacked sufficient information as to the culpability of the proposed defendants at the time of filing the Amended Complaint. Plaintiff argues that West v. City of New York, 1995 WL 75475 *2 (S.D.N.Y. 1995), stands for the proposition that "a factual mistake exists when the plaintiff was not aware of the role that the other party played in the action at

issue." However, the <u>West</u> Court clearly rejects this proposition where, "the fact that [plaintiff] did not know the full extent of [additional defendant]'s liability does not permit relation back where [plaintiff] knew of [additional defendant]'s identity but failed to ascertain the scope of his involvement before the statute of limitations expired." <u>Id</u>. at *4; <u>citing</u>, <u>Torres Ramirez v. Bermudez Garcia</u>, 898 F.2d 224, 229 (1st Cir. 1990) ("mistake prong not satisfied where failure to name prospective defendant resulted not from mistake in identity but from 'absence of evidence pointing to a claim against [him]'"); <u>Kilkenny v. Arco Marine Inc</u>., 800 F.2d 853, 857-58 (9th Cir. 1986) ("Rule 15(c) was intended to protect a plaintiff who mistakenly names a party and then discovers, after the relevant statute of limitations has run, the identity of the proper party. [It] was never intended to assist a plaintiff who ignores or fails to respond in reasonable fashion to notice of a potential party...").

Here, plaintiff audiotaped a number of conversations with Hospital employees and management in the year 2000 and into early 2001. Specifically, these are recorded conversations about plaintiff's job performance between plaintiff and all four of the proposed defendants. (Def. Mem. of Law, at 15). These recordings appear to highlight the fact that plaintiff should have been aware of the extent of these proposed defendants' involvement in plaintiff's allegations and these proposed defendants' potential culpability. As defendant points out, "the very fact that plaintiff audiotaped these conversations demonstrates that by late 2000 and into early 2001 he was concerned about all four proposed defendants, and their potential involvement in his alleged discrimination and retaliation." (Def. Mem. of Law, at 15). Additionally, plaintiff produced index cards referencing each of the proposed defendants. These index cards date back as early as May 2000 and into late November 2000 and reference the proposed defendants' alleged behavior. (Def. Mem. of Law, at 15). Taking the date and substance of

the audiotapes and the index cards, this Court is hard pressed to believe that plaintiff "was mistaken in thinking that these four proposed defendants played insignificant or non-supervisory rules in the employment of plaintiff." (Pl. Mem. of Law, at 12).

Therefore, the Court finds that plaintiff had a significant basis of knowledge to the extent of the proposed defendants involvement in the matter prior to filing the Amended Complaint and up to the filing of this instant Motion to Amend. Further, since plaintiff failed to even mention any of the proposed defendants in the Amended Complaint the Court finds there is no factual mistake . Therefore, in reference to the state law claims only, plaintiff is denied the Motion to Amend to add the proposed defendants upon failure to satisfy Rule 15(c), specifically, Rule 15(c)(2)(b).

e.     Legal Mistake

Courts have also consistently held that when a plaintiff fails to name a potential defendant who is not required to maintain the existing action, that this does not constitute a "legal" mistake for purposes of the relation-back doctrine. See, e.g, Cornwell, 23 F.3d at 705; Hennelly v. Greenwood Cent. Sch. Dist., 02 Civ. 6398P, 2004 U.S. Dist. LEXIS 13708, at *13 (W.D.N.Y. June 29, 2004). Here, plaintiff argues that the situation here is a "legal" mistake, thus allowing the alleged claims to relate back to the proposed defendants. However, the proposed defendants here are not required to maintain the existing action, and thus under Cornwell, plaintiff cannot argue that joinder of the proposed defendants is necessary for the existing action to stand. This is particularly true where the evidence points to the fact that plaintiff was aware of the identity of the proposed defendants prior to filing of the complaint, or in this instance even the Amended Complaint. (Def. Mem. of Law, at 17; See, e.g., Randolph-Rand Corp., 2001 U.S. Dist. LEXIS 17625, at *27-*28 (rejecting plaintiff's motion to amend to add two

defendants, after the statute of limitations had run, where the evidence failed to sufficiently prove that plaintiff was not aware of the proposed defendants identities, and plaintiff was not required to sue the would-be defendants to maintain its existing claim.); Harris v. Butler, No. 91 Civ. 6352, 1996 U.S. Dist. LEXIS 9997, at *5-*9 (S.D.N.Y. July 17, 1996)(same). Therefore, here, plaintiff's "legal" mistake argument fails to support the relation-back doctrine.

**B**.     **Undue Delay and Prejudice**

Defendants argue that the Court should also deny plaintiff's Motion to Amend because plaintiff has unduly delayed in bringing the motion and granting the Motion to Amend at this time will unduly prejudice defendants. Rule 15 provides that leave to amend a complaint " shall be freely given when justice so requires." (Fed. R. Civ. P. 15(a)). The decision to grant or deny such motion is within the discretion of the court, with undue delay and futility of the amendment being some of the many factors resulting in denial. See, e.g., Zahra v. Town of Southold, 48 F.3d 674, 685-86 (2d Cir. 1995); John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994); Amaker v. Haponik, 198 F.R.D. 386, 390 (S.D.N.Y. 2000); Foman v. Davis, 371 U.S. 178 , 182, 83 S. Ct. 227, 230, 9 L. Ed. 2, 222 (holding, "[A]bsent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule 15's mandate must be obeyed."). The courts have also acknowledged that the district court "plainly has discretion, however, to deny leave to amend where the motion is made after inordinate delay, no satisfactory explanation is made for the delay, and the amendment would prejudice the defendant." (Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990), aff'd without op., 962 F.2d 2 (2d Cir. 1992)). Additionally, "the burden is on the party who wishes to amend to provide a satisfactory explanation for the delay..." (See id.; see

also e.g., Sanders v. Thrall Car Mfg. Co., 582 F. Supp. 945, 952 (S.D.N.Y. 1983), aff'd, 730 F.2d

910 (2d Cir. 1984).   Of course, the court may grant a motion to amend where it finds that granting

such a motion would not result in further undue delay.  (Block v. First Blood Assoc., 988 F.2d 344,

350 (2nd Cir. 1993)).

Here, plaintiff argues that there has been no undue delay thus far and there will be no further

undue delay resulting from the granting of this Motion.  Specifically, the crux of plaintiff's reasoning is

that plaintiff lacked full information about the proposed defendants' role in the litigation at the time of

filing the Amended Complaint on or about July 2, 2001.  (Pl. Mem. of Law, at 12-13).  Further,

plaintiff contends that he was unable to possess the necessary information in full until completing the ten

(10) depositions afforded to by him under the discovery rules.  (Pl. Mem. of Law, at 13).  Plaintiff

argues that the last deposition of Louise Valerio took place only fifteen (15) days prior to the filing of

the Motion to Amend and "vital information pertaining to the role of the proposed amended defendants

was discovered by plaintiff during Valerio's October 21, 2004 deposition."  (Pl. Mem. of Law, at 13).

Thus, plaintiff argues that "it is hard to conceive of plaintiff being able to file his motion to amend any

sooner than he did."  (Pl. Mem. of Law, at 14).   The Court finds plaintiff's reasoning unpersuasive.  As

noted earlier, plaintiff was well aware of the proposed defendants' roles in plaintiff's alleged claims.

Plaintiff was aware enough to have tape-recorded conversations with them and to have made index

cards with notes about his conversations with each of the proposed defendants well before filing the

Amended Complaint.  Additionally, the record shows that proposed defendant Mary Cautadella's

deposition was completed on January 23, 2003.[10]  Also, as the correspondence between counsel

shows, the deposition of Valerio would have occurred at a similar time had plaintiff's attorney not

repeatedly cancelled and delayed the rescheduling of her deposition.  (Stein Decl. at ¶ 21; Ex. T).   For

the reasons stated herein, the Court finds that plaintiff has not satisfied its burden of providing a

satisfactory explanation for the undue delay.  However, courts usually do not deny a motion to amend

solely on the basis of undue delay; the court will also consider time and cost factors as well.  Cramer v.

Fedco Auto Components, Co., 01 Civ. 0757E, 2004 U.S. Dist. LEXIS 13817, at *4-*5 (W.D.N.Y.

May 26, 2004); see, e.g., Block v. First Blood Assoc., 988 F.2d 344, 350 (2d Cir. 1993); Cramer,

2004 U.S. Dist. LEXIS 13817 at *7-*8; Rush v. Artuz, No. 00 Civ. 3436, 2001 U.S. Dist. LEXIS

17480, at *19-*20 (S.D.N.Y. Oct. 25, 2001)(noting that the court will consider whether the non-

moving party will be required to expend significant additional resources to conduct discovery and

prepare for trial or significant delay of the resolution of the dispute will occur.).   In order to adequately

deny a motion to amend based on undue delay, the court does require a showing of "substantial

prejudice" as contemplated in the Strauss v. Douglas Aircraft Co., 404 F. 2d 1152, 1155 (C.A.N.Y.

1968).  The Block Court notes, "The Investors argue that they were prejudiced solely because of the

time, effort and money the expended in litigating this matter.  These allegations do no arise to the

---

[10]  It is important to note that after the January 23, 2003 deposition of Cautadella, this Court
ruled that plaintiff was permitted to question Cautadella regarding the facts she learned from the
deposition and while investigating plaintiff's charges of discrimination and retaliation.  The parties
reconvened on January 23, 2004 to pursue this line of questioning but the meeting was adjourned due
to competency problems with plaintiff's court reporter.  The questioning was concluded on February
19, 2004. However, the Court notes that this Motion was made nearly nine (9) months after the
completion of this questioning.  See Stein Decl. at ¶ 10; see also Def. Mem. of Law, at 19.

'substantial prejudice' we contemplated in [Strauss] or even the lesser prejudice required in [Evans]."

Block, 988 F.2d at 351.

Here, while the Court does feel there has been undue delay in bringing this instant motion so late in the litigation process, particularly after plaintiff advised the Court in an October 28, 2004 that he was at the end of fact discovery, the Court does not necessarily feel that the proposed defendants would be prejudiced solely because of the potential extra time, effort, and money that would be spent in litigating this matter further; especially since plaintiff's contends in his brief that, "[p]laintiff has no intentions of conducting additional discovery in this case, and plaintiff does not foresee any reason to extend the discovery process of the motion to amend."[11]  (Pl. Mem. of Law, at 15).  Defendant's time and monetary concerns, under Strauss and Block, do not rise to create substantial prejudice. Therefore, the Court finds that the defendants will not be unduly prejudiced or litigation unduly delayed by the bringing of this motion.

## C.    Conclusion

For the foregoing reasons, I respectfully recommend that plaintiff's Motion for Leave to Amend to Add Defendants Cautadella, Rosen, Dayrit and Weiss be granted in part and denied in part.  Any objections

---

[11] Plaintiff states in his brief,

> Most importantly, plaintiff's proposed amendment does not create a need for additional discovery by the defendants or plaintiff.  Plaintiff has deposed his 10 individuals, and as defendants have asserted, plaintiff has been the recipient of more than 4,000 documents in accordance with discovery and document requests.  As long as the previous document requests have been fully satisfied, the plaintiff sees no need for further discovery requests."

Pl. Mem. of Law, at 14.

to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1) (2000); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: Brooklyn, New York
      March 15, 2005

                        ___/s/_____
                        JOAN  M. AZRACK
                        UNITED STATES MAGISTRATE JUDGE